IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDALL HOYT CHUMLEY )
)
v. ) 99-1966
)
FREDERICK FRANKS, et al.

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion pursuant to Rule 60(b)(1) – (6), seeking relief from a judgment entered in 2001. According to Rule 60(c), "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." To be entitled to relief under Rule 60(b)(6), a petitioner must show extraordinary circumstances, such that absent relief, an extreme and unexpected hardship would occur. Walsh v. United States, 2016 U.S. App. LEXIS 1660, at *6 (3d Cir. Feb. 1, 2016). To the extent equitable tolling applies, that doctrine similarly requires extraordinary grounds for relief. DeMatthews v. Hartford Ins. Co., 402 Fed. Appx. 686 (3d Cir. 2010).

This Court ruled on Defendant's claims on February 1, 2001, adopting the Report and Recommendation of the Magistrate Judge. The Court of Appeals for the Third Circuit's denial of a certificate of appealability was docketed on January 17, 2002. At that time, the Court of Appeals found that for the reasons explained in the Report and Recommendation, Plaintiff had failed to make a substantial showing of the denial of a constitutional right. The docket lay dormant until August 26, 2015, when Defendant submitted a letter, suggesting that his case was decided under standards rendered inapplicable by Strickland v. Washington, 466 U.S. 668; 104 S. Ct. 2052; 80 L. Ed. 2d 674 (1984), and seeking retrieval of records. Subsequently, on May 3,

1

2016, Defendant filed the pending Motion. He now asserts that he does not submit any new claims for consideration. Indeed, his Motion recounts and rests on events that occurred in the 1980s and 1990s, as well as speculation about the effect of documents missing from court files. Time lags much shorter than the one at bar have been held to render a Rule 60(b) motion untimely. See, e.g., Walsh, 2016 U.S. App. LEXIS 1660 (motion filed six years after judgment was untimely). Given the applicable time frames and the nature of Defendant's Motion, it is clear that Defendant did not bring this Motion within a reasonable time. Likewise, he has not shown the type of extraordinary circumstances contemplated by that Rule or by equitable tolling standards. Accordingly, his Motion is denied.

AND NOW, this 20th day of May, 2016, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Judge Donetta W. Ambrose

Senior Judge, U.S. District Court